**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

WILLIAM CHATMAN,

Plaintiff,

v.

OFFICER MAGGIO, et al.,

Defendants.

Case No. 3:24-cv-50508

Honorable Iain D. Johnston

**OPINION and ORDER**

On December 18, 2024, Plaintiff William Chatman filed a complaint naming 12 defendants and alleging several violations of state and federal law. [1]. On January 28, 2025, the Court's screening order allowed Mr. Chatman to proceed on an excessive force claim and a failure to intervene claim against two defendant police officers. [7]. Mr. Chatman filed an amended complaint on February 24, 2025, bringing four counts. [11]. The Court allowed Mr. Chatman to proceed under Count One with his state court claims against two unknown security guards, Dr. Muhammad Shareef, nurses Jessica Tomita and Sharee Simmons, physician assistant Joseph Gaziano, and SwedishAmerican Hospital. [12]. The Court also allowed Mr. Chatman to proceed with Count Two against an unknown Rockford police officer for excessive force and with Count Three against Cherry Valley Officer Maggio for failure to intervene. *Id.*

1

Now before the Court are two motions. Defendants SwedishAmerican Hospital, John Doe Security Officers, Jessica Tomita, and Sharee Simmons (the "Hospital Defendants") move to dismiss Count I for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). [25]. Defendants Dr. Shareef and P.A. Gaziano also move to dismiss Count I for insufficient service of process under Rule 12(b)(5) and failure to state a claim under Rule 12(b)(6). [38]. For the reasons that follow, the Court denies the Hospital Defendants' motion. The Court grants Dr. Shareef and P.A. Gaziano's 12(b)(6) motion but denies their Rule 12(b)(5) motion.

## Background

Mr. Chatman sought medical treatment at SwedishAmerican Hospital on February 27, 2024. Despite his protests, hospital staff placed him in a four-point restraint and administered unnecessary medication. While Mr. Chatman was restrained, an unknown Rockford police officer forcefully elbowed Mr. Chatman in the head and then pulled on his head. Officer Maggio, a Cherry Valley police officer, observed these events but failed to intervene.

## Legal Standards

Mr. Chatman is proceeding *pro se*, so the court is obligated to construe his complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A motion to dismiss under Rule 12(b)(1) should be dealt with before a motion under Rule 12(b)(6). *Penny v. Pelosi*, 538 F.Supp.3d 850, 855 (C.D. Ill. 2021), *aff'd*, No. 21-2039, 2021 U.S. App. LEXIS 38106 (7th Cir. Dec. 23, 2021). A Rule 12(b)(1)

2

motion challenges a court's ability to hear a claim based on the lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "In the context of a motion to dismiss for lack of subject matter jurisdiction, we accept as true the well pleaded factual allegations, drawing all reasonable inferences in favor of the plaintiff[.]" *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014) (quoting *Iddir v. INS,* 301 F.3d 492, 496 (7th Cir. 2002)). It's the plaintiff's burden to establish "that the jurisdictional requirements have been met." *Burwell*, 770 F.3d at 589.

A plaintiff is responsible for serving any defendant with a summons and a copy of the complaint. Fed. R. Civ. P. 4(b), (c)(1). Absent good cause for the delay the plaintiff must accomplish this task within 90 days. Fed. R. Civ. P. 4(m). Defendants can move to dismiss an action on the grounds of improper service. Fed. R. Civ. P. (12)(b)(5). It's the plaintiff's "burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011).

When faced with a Rule 12(b)(6) motion a court must "construe the complaint in the light most favorable to [the] plaintiff, accept all well-pleaded facts as true, and draw reasonable inferences in [the] plaintiff's favor." *Taha v. Int'l Bhd. of Teamsters*, 947 F.3d 464, 469 (7th Cir. 2020). A complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff

3

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. The defendant has the burden of demonstrating that the complaint is legally insufficient. *Marsden v. Kishwaukee Cmty. Coll.*, 572 F. Supp. 3d 512, 520 (N.D. Ill. 2021).

## Analysis

## Hospital Defendants

## Subject-Matter Jurisdiction

The Hospital Defendants contend that this Court lacks subject-matter jurisdiction because Count I only alleges violations of state law and the Court lacks supplemental jurisdiction. Federal courts have jurisdiction over both state and federal claims when the claims share a "common nucleus of operative fact." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966); 28 U.S.C. § 1367(a). Supplemental jurisdiction exists if a plaintiff would be expected to try the state and federal claims in a single proceeding. *Huffman v. Hains*, 865 F.2d 920, 922 (7th Cir. 1989). However, "[a] loose factual connection between the claims is generally sufficient." *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995).

According to the Hospital Defendants, their actions—restraining Chatman—are distinct from the federal excessive force and failure to intervene claims because they preceded any involvement by police officers.

4

The exact nature of the police officer's involvement is somewhat unclear on the face of the complaint. Mr. Chatman alleges that the officer assaulted him "while" he was confined and restrained. Mr. Chatman states in his response to the motion to dismiss that "the police defendant was assisting the hospital security in putting plaintiff into restraints. . . ." The Court recognizes that this was a chaotic situation and Mr. Chapman is relying exclusively on first-hand memory to describe it given that he possesses no discovery at this stage. However, the new allegations in the response to the motion to dismiss are inconsistent with the complaint, so the Court doesn't need to accept them as true. *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015) (quoting *Gutierrez v. Peters,* 111 F.3d 1364, 1367 n. 2 (7th Cir. 1997)).

Even so, the Hospital Defendants' actions are sufficiently connected to the police officer's actions so that the Court can exercise supplemental jurisdiction over the state-law claims. It's plausible the parties' actions occurred around the same time. Indeed, the tort of unlawful confinement was allegedly ongoing during the police officer's alleged assault. The officer's assault was enabled by the Hospital Defendants' prior actions. Trying the claims separately could lead to confusion and unnecessary duplication. Taken together, there's more than a loose factual connection between the claims. So, the Court denies the Hospital Defendants' motion to dismiss for lack of subject-matter jurisdiction.

### Failure to State a Claim

There's at least one problem with the Hospital Defendants' argument in support of their 12(b)(6) motion to dismiss: it's contrary to both a recent Supreme

Court decision and Seventh Circuit precedent. Under Illinois Law, medical malpractice plaintiffs are required to attach an affidavit to their complaint from a physician supporting the claim's merits. 735 ILCS 5/2–622. However, that requirement doesn't apply to claims brought in federal court at the motion to dismiss stage. *Berk v. Choy*, 607 U.S. ___ 146 S. Ct. 546, 554 (2026); *Young v. United States*, 942 F.3d 349, 351 (7th Cir. 2019). So, Mr. Chatman's failure to attach an affidavit isn't grounds for dismissal. The Hospital Defendants advance no other arguments in support of their motion to dismiss. The Court will not make arguments for them. The Hospital Defendants' motion to dismiss for failure to state a claim is denied.

### Dr. Shareef and P.A. Gaziano

### Insufficient Service

Defendants Dr. Shareef and P.A. Gaziano move to dismiss Count I for insufficient service. The time limit for service is governed by Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Under the Northern District of Illinois' local rules, a complaint accompanied by an application to proceed *in forma pauperis* is deemed filed as of the date the court grants the IFP application. N.D. Ill. L.R. 3.3(d). Mr. Chatman's complaint was accompanied by an IFP application, and the Court granted that application on January 28, 2025. From that point, Mr. Chatman had 90 days to complete service.

An individual proceeding IFP is permitted to have the U.S. Marshal serve the summonses. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). For that to happen, Mr. Chatman needed to provide the Marshal with a completed USM-285 by the 90-day deadline which was, in this case, Monday April 28, 2025. Mr. Chatman met this deadline as to all defendants except for P.A. Gaziano. Despite this, Dr. Shareef hasn't been served.

Mr. Chatman contends that he also provided the Marshal with a USM-285 form for P.A. Gaziano. Without evidence, however, Mr. Chatman can't carry his burden and demonstrate that he actually provided the form. *Cardenas*, 646 F.3d at 1005. On February 2, 2026, the Court received the completed form. Dkt. 35.

Absent other circumstances, the inability of the U.S. Marshal to serve a defendant is good cause for a plaintiff's failure to serve. *Graham v. Satkoski*, 51 F.3d 710, 711-12 (7th Cir. 1995); *United States v. Antonelli*, 371 F.3d 360, 362 (7th Cir. 2004). Dr. Shareef and P.A. Gaziano seek to cabin this rule to inmates only. Although both *Antonelli* and *Graham* concern prison inmates who proceeded *in forma pauperis*, the language of the relevant statute, 28 U.S.C. § 1915(d), and rule, Fed. R. Civ. P. 4(c)(3), is in no way limited to prison inmates. As a plaintiff proceeding *in forma pauperis*, Mr. Chatman is entitled to have the Marshal serve the summonses; the Marshal's failure to do so is good cause for delay. As a result, the Court is required to extend the deadline for service and will do so for sixty days from the date of this order. Now that counsel for Dr. Shareef has entered their

appearance, they should contact the Marshal to either waive service or assist with proper service.

As discussed above, there is no evidence to suggest that Mr. Chatman provided the necessary USM-285 for P.A. Gaziano. Although Mr. Chatman was detained in the Winnebago County Jail on May 29, 2025, this happened after the date for serving the summonses passed. The Court can't find that there is good cause for Mr. Chatman's delay in serving P.A. Gaziano.

Nevertheless, the Court is permitted to extend the time for service even in the absence of good cause. Fed. R. Civ. P. 4(m). As the Advisory Committee notes, a court can consider "if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Id.* Other relevant factors include "prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Troxell v. Fedders of N. Am., Inc.,* 160 F.3d 381, 383 (7th Cir. 1998).

In this case, the statute of limitations appears to have run. *See* 735 ILCS 5/13-202 (setting a two-year time limit). P.A. Gaziano clearly has notice of this action given that his attorneys have entered an appearance. The Court also now has a completed USM-285 form, so the Marshal can effectuate service. Although it took many months for the Court to receive the form, Mr. Chatman has reported difficulties in receiving mail and communicating with the Court while he has been incarcerated at the Winnebago County Jail. Given what the Court knows about the jail and its mail procedures, this is credible.

After considering the circumstances of this case, the Court believes that it is appropriate to extend the deadline for service on P.A. Gaziano for sixty days. Counsel for P.A. Gaziano should contact the Marshal to either waive service or assist with proper service.

**Failure to State a Claim**

Defendants Dr. Shareef and P.A. Gaziano next argue that the complaint should be dismissed because Mr. Chatman abandoned the claims against them. Mr. Chatman's original complaint included twelve separate counts with each one identifying a defendant's relevant conduct. However, Mr. Chatman's amended complaint is substantially different and that complaint has completely superseded the original complaint. *Reid v. Payne*, 841 F. App'x 1001, 1002 (7th Cir. 2021).

Mr. Chatman's amended complaint groups the hospital employees into a single count. Dr. Shareef and P.A. Gaziano perceptively note that they are not listed under the parties or factual background sections of the amended complaint or named specifically in the complaint outside the caption. Because of this, Mr. Chatman's complaint fails to allege personal involvement by Dr. Shareef and P.A Gaziano. Each "defendant is entitled to know what he or she did that is asserted to be wrongful." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption," it is appropriate for a court to dismiss claims against that defendant.

9

*Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).[1] *Potter's* rule controls.

Dismissal is proper. The dismissals will be without prejudice. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015) (describing the liberal approach to amending pleadings). If Mr. Chatman wishes to amend his complaint, he must do so within twenty-one days of this order and provide sufficient detail about Dr. Shareef and PA Gaziano's individual conduct.

## Conclusion

The SwedishAmerican Hospital Defendants' motion to dismiss is denied. Dr. Shareef and P.A. Gaziano's motion to dismiss for insufficient service is denied. Dr. Shareef and P.A. Gaziano's motion to dismiss for failure to state a claim is granted. The Court will extend the deadline for service on both defendants sixty days from the date of this Order. Counsel for Dr. Shareef and P.A. Gaziano must waive service or contact the Marshal to arrange for proper service. In the meantime, Mr. Chatman must file an amended claim within twenty-one days of this order or the dismissals will convert to ones with prejudice.

Date: May 7, 2026

Honorable Iain D. Johnston
United States District Judge

---

[1] Although *Potter* is directly on point, Dr. Shareef and P.A. Gaziano fail to cite it. They talk around the issue so that the party presentation rule doesn't inhibit a ruling in their favor. *See Bernacchi v. First Chicago Ins. Co.*, 52 F.4th 324, 328 (7th Cir. 2022).